Zhang v. Lynch

BIA
Zagzoug, IJ
A087 468 163

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of January, two thousand sixteen.

PRESENT:
   JOSÉ A. CABRANES,
   PETER W. HALL,
   DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

_____

BAOZHU ZHANG, AKA MEIHUA ZHANG,
   *Petitioner,*

   v.         13-3177
             NAC

Loretta E. Lynch, UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:  Gang Zhou, New York, NY.

FOR RESPONDENT:  Stuart F. Delery, Assistant Attorney General; Lindsay B. Glauner, Senior Litigation Counsel; Gregory M.

**Kelch, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Baozhu Zhang, a native and citizen of the People's Republic of China, seeks review of a July 30, 2013, decision of the BIA affirming the November 22, 2011, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Baozhu Zhang*, No. A087 468 163 (B.I.A. July 30, 2013), *aff'g* No. A087 468 163 (Immig. Ct. N.Y. City Nov. 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications like Zhang's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). "An inconsistency and an omission are, for these purposes, functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166 n.3. We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id*. at 167. In this case, the agency reasonably based its adverse credibility determination on Zhang's vague and non-responsive testimony, an omission from, and an inconsistency in, her testimony, and her lack of corroboration.

The basis for Zhang's claimed fear of persecution was that she had been a member of the Chinese Freedom Democratic

3

Party in the United States since August 2010, and had been so active – attending party movements and publishing articles on the party's website – that a year later local police from her village in China threatened her parents. Zhang testified that she attended weekly Democracy Party classes, had attended protests against the Chinese government at least ten times, and on at least one occasion had spoken at a protest. However, in response to direct questions regarding what the protests were about, what the participants said, and what she said in her remarks, Zhang could not answer with particularity. *See Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) (there are "instances in which the nature of an individual applicant's account would render his lack of a certain degree of doctrinal knowledge suspect").

In response to being asked the full official name of the party of which she was a member, Zhang replied that it was called "the Democracy Party," whereas in her written statement she stated that she was a member of the "Chinese Freedom Democratic Party." Additionally, Zhang could not name any party officials other than "Chairman Ni." When asked why, Zhang explained that she could not read or write

4

in Chinese or English, and the statement she filed in support of her claim, written in Chinese and signed by her, was actually written by her husband, although she dictated it to him.

Zhang submitted a "Certificate of Appointment," signed by Chairman Ni, stating that Zhang had been appointed as the Woman Division Clerk for The Party of Freedom and Democracy in China. However, Zhang did not mention this role when testifying as to her activities in the party. The IJ reasonably concluded that Zhang's failure to mention that she had an official appointment within the party was a significant omission.

Moreover, the IJ reasonably concluded that the testimony of Chairman Ni, although generally credible, did not sufficiently rehabilitate Zhang's claim because he did not testify as to the contents of her speech at the consulate or the articles she published on the party website. The IJ also reasonably concluded that Zhang's husband's failure to testify on her behalf further called into doubt her claim because Chairman Ni testified that Zhang's husband wrote her articles (because she is illiterate) and Zhang herself testified that she dictated her statement regarding her asylum claim to her husband, and

5

he wrote it for her. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007)("An applicant's failure to corroborate . . . testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Accordingly, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Zhang's life or freedom depended upon her credibility, the finding necessarily precludes success on Zhang's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk